## Kneass Trust

*Louis C. Washburn,* for accountant.

*Daniel Sherman,* for American Anti-Vivisection Society.

*Lawrence Barth,* for Commonwealth as parens patriae.

ADJUDICATION BY KLEIN, J., JULY 2, 1981:

The reason for filing the present account is stated by the accountant to be "to determine the disposition of the excess income of the trust."

By paragraph eighth of his will, testator bequeathed the sum of $10,000 to The Fidelity-Philadelphia Trust Company (now The Fidelity Bank), in trust, and directed that the net income therefrom be used for the care and maintenance of his grave and to apply further amounts of net income and princi-

pal, if necessary, for the costs incurred in a possible move of certain family graves to a new site as provided in paragraph sixth. Testator bequeathed the residue of his estate to the American Antivivisection Society (the "Society"). ***

Since the inception of the trust in 1933, income has been paid as needed for the care and maintenance of testator's grave. No occasion has arisen to apply income or principal for the purposes set forth in paragraph sixth of the will since the family burial lots have never been moved. Payments to Woodland Cemetery Company have been $60.50 per year for the last three years.

The account shows a balance of accumulated income of $59,670.58. In addition, a portion of the principal shown in the account is made up of transfers from income prior to April 30, 1971 aggregating $6,253.79. The principal in the account had a market value as of November 17, 1980 of $46,630.10. The accountant and the Society have agreed that the portion of that market value represented by transferred income is $17,941.34 and the portion represented by true principal is $28,688.76.

The accountant and the Society are agreed that the accumulated income and the market value of the income heretofore transferred to principal, as well as future income not needed for the uses and purposes of the trust, be awarded to the Society. Although testator's will does not direct distribution of excess trust income to the residuary beneficiary, there is ample authority for this court to approve deviations from the terms of the trust to avoid the accumulation of income that will never be needed for the purposes of the trust: *Palethorpe's Est.*, 249 Pa. 389; *Wood Est.*, 12 D & C 2d 577.

John R. Porter, the cemetery trust examiner for this court, indicated his approval of the distribution requested by the accountant and suggested that distribution of future surplus income be handled as an administrative responsibility. Under these circumstances the requested deviations are approved and will be reflected in the awards. ***